FLORENCE DEVINE AND PATRICK DEVINE, HER HUS-BAND, PLAINTIFFS, v. PUBLIC SERVICE CO-ORDI-NATED TRANSPORT ET AL., DEFENDANT.

Submitted October 16, 1931—Decided February 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiffs, *Harry Heher.*

For the defendant, *Henry J. Sorenson* and *Henry H. Fryling.*

PER CURIAM.

The plaintiffs, husband and wife, riding in a Ford car driven by the husband, were about to cross a trolley track of the named defendant from west to east, when the car was struck by a trolley car of said defendant going from south to north, and practically demolished. The female plaintiff sustained personal injuries, the severity of which is in dispute; her husband was not injured but joined his claim *per quod* and also a claim for loss of the Ford car. There was a verdict of $10,000 in favor of the wife and $2,539 for the husband. The reasons argued are refusal to nonsuit, refusal to direct verdict for defendant, verdict against weight of evidence, and excessive damages. A fifth reason directed to a passage in the charge is abandoned.

At the time of the accident the plaintiffs were living on a small farm lying on the west side of the main road from Bordentown to Trenton. In the space apparently allotted to the road, but west of the concrete roadway and between it and plaintiffs' farm and close to the edge of the road, ran the single trolley track of the defendant. At the south of plaintiffs' farm and between it and the next property to the south, a narrow lane ran at right angles to the road, sloping downward to the trolley track between banks, weeds and thick shrubbery which cut off all view to the south until the road was reached. To the north, over plaintiffs' property, there was a better view as the plaintiff Patrick had cut down the growth to some extent. The two plaintiffs in their car proceeded eastwardly through the lane and down the incline, stopped with the front wheels about two feet from the track (so runs Patrick's testimony) and both looked and listened.

They could not see, because the shrubbery cut off the view to the south. The engine of the Ford—an old car assembled from parts of other cars, and which Patrick had purchased for $50—was running, and he testified that he could not hear the trolley with the engine running. Although it was the 20th of August, the windows of the Ford were all closed except that on Patrick's left, so that he could put out his hand as a signal. This open window was on the side away from the approaching trolley car. Florence was also looking and listening, and testified that the motor was running and "she guessed that was the reason she could not hear the trolley car coming." She said the Ford did not stop fully at any time. Be this as it may, it was moved ahead into the open, after looking in a place where one could not see, and listening under conditions when one could not hear, just in time to be caught at the right front wheel or in that neighborhood by the left front of the trolley car as it passed the end of the lane.

As to the plaintiff Patrick Devine, we think there should have been a nonsuit or a direction on the ground of contributory negligence, assuming the negligence of the motorman, of which we shall presently have something to say. It seems plain to us, on the plaintiffs' own testimony, that knowing of the conditions as to visibility and the obvious danger of "going it blind" ordinary care required Patrick to stop his car and if necessary to see, get out and make sure of his safety. If the running of the engine prevented his hearing, he should have stopped the engine. The case seems fully within the ruling of the Court of Errors and Appeals in *Merkle* v. *New York, &c., Railroad Co.*, 49 *N. J. L.* 473, where the rattling of bottles in the wagon prevented hearing a train which could not be seen because of obstructions to the view.

As to the wife, it is not clear that she was other than a passenger in the Ford car, although she helped her husband on the farm, and although she also, according to her testimony, "was watching for traffic and trolleys both ways" and "did not see nor hear anything." It is not claimed, however, that her husband's negligence is imputable to her and

consequently the question of contributory negligence as affecting her is whether her own negligence as a passenger is so plain that the court should have taken that also from the jury. We are not disposed so to hold. Then as to the negligence of the motorman, it is clear that he was familiar with the lane crossing and accustomed to give warning of his approach, and there is a clear conflict of evidence as to whether he did so on this occasion. Whether he was negligent was for the jury and we do not feel justified in disturbing their finding either on negligence or contributory negligence of Mrs. Devine.

We consider, however, that the verdict of $10,000 was excessive. The medical evidence was, as often happens, contradictory to some extent, but no bones were broken, and we feel that the jury made a clearly extravagant appraisal of her injuries. If she will accept a reduction to $5,000 the verdict in her favor may stand, otherwise it will be set aside. The rule as to the husband will be made absolute.